IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RONALD ALAN CHARLES, | § | CASE NO. 14-30906-H5-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

### JOINT MOTION FOR TURNOVER OF PROPERTY TO THE ESTATE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE KAREN K. BROWN, U.S. BANKRUPTCY JUDGE:

COMES NOW, LOWELL T. CAGE, Chapter 7 Trustee of the estate (the "Trustee"), and RONALD ALAN CHARLES, Debtor (the "Debtor"), and make this their Joint Motion for Turnover of Property to the Estate, pursuant to 11 U.S.C. § 542(a), and in support thereof would show this Court as follows:

**I.**

**Relief Requested**

1. The Trustee and the Debtor request an order directing Tom Skerl d/b/a KT6 Algorithmics, LLC ("Skerl") to turn over to the Trustee two (2) laptop computers containing certain financial data relevant to administration of the estate.

**II.**

**Jurisdiction and Constitutional Authority**

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Trustee and the Debtor consent to the entry of a final order or judgment by this Court in this matter.

**III.**

**Background Facts**

3. The Debtor is a doctor trained in emergency medicine. He owned shares in and operated Elite ER, PLLC ("Elite"), which was a business that managed a string of emergency care centers in the State of Texas. Elite ceased all operations prior to the Debtor's Chapter 7 bankruptcy filing. The Debtor owns two (2) laptop computers that were being used to store almost all of the data relating to Elite's operations and finances. In addition, these laptops contain personal financial information of the Debtor.

4. Elite became involved in certain operational and legal disputes with other entities, requiring production of certain of the data contained on the laptops. The Debtor took the laptop

computers to Pam Rea ("Rea"), the attorney handling the dispute. Rea apparently delivered the laptop computers to Skerl.

5. On February 14, 2014, the Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code. Lowell T. Cage was appointed as Chapter 7 Trustee of the Debtor's estate. The Debtor's meeting of creditors was scheduled for March 20, 2014. Immediately after filing his bankruptcy, the Debtor attempted to obtain return of the two (2) laptop computers from Rea. On March 13, 2014, the Debtor's counsel sent a letter to Rea demanding the return of the two laptop computers. A true and correct copy of that letter sent is attached hereto as Exhibit "A." On March 17, 2014, Rea responded by email to the letter stating that she did not have or control the laptop computers, that they were being held by Skerl, and that the laptop computers would not be returned by Skerl until the invoice for Skerl's services were paid. A true and correct copy of the email is attached hereto as Exhibit "B."

6. On March 18, 2014, the Debtor's counsel sent a letter to Skerl demanding that he turn over the two (2) laptop computers, as the Debtor would be required to deliver those laptop computers to the Trustee for assessment of the financial data. In addition, the Debtor's counsel explained to Skerl that the data was needed to complete his Federal income tax returns for the tax years 2012 and 2013 and that those tax returns would be necessary in his bankruptcy case. Finally, the Debtor's counsel explained to Skerl that the computers contained information on all of the contract physicians used by Elite needed to send out Form 1099's to those physicians. A true and correct copy of the letter sent to Skerl is attached hereto as Exhibit "C." After receiving the demand for turnover, Skerl telephoned the Debtor's counsel and stated that he would not turnover the laptop computers until he was paid in full for his invoice. A true and correct copy of the invoice is attached hereto as Exhibit "D." The invoice for the services by Skerl is to the

Law Office of Pam Rea, not to or to the Debtor. Skerl has no valid lien against the laptop computers and has asserted no valid lien against those laptop computers.

7. In May of 2014, the Trustee made demand on Skerl to return the laptop computers as well. A true and correct copy of that letter is attached hereto as Exhibit "E". Skerl failed and refused to turn over the laptops to the Trustee after receiving this demand.

8. Ms. Rea recently filed a proof of claim on behalf of Skerl making an unsecured claim for the services provided to the laptops, a true and correct copy of which is attached as Exhibit "F".

### IV.

### Reasons Why the Relief Sought Should Be Granted

9. Under § 542(a) of the Bankruptcy Code, a person other than a custodian that is in possession, custody or control of property that the Trustee may use, sell or lease or that the Debtor may exempt is required to deliver to the Trustee and account for such property unless the property is of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a). The laptop computers constitute property that the Trustee may use in order to obtain valuable and necessary financial information regarding Elite and the Debtor. The Trustee owns the Debtor's shares of Elite and, as such, is entitled to determine their value. The Trustee cannot determine the value of those shares without accessing and reviewing the financial information of Elite, which is contained on the laptop computers. In addition, the Trustee is entitled to all of the financial information regarding the Debtor that may be on the laptop computers. Finally, to the extent that the Trustee successfully obtains all of the financial data from the laptop computers, the Debtor may be able to exempt the laptop computers.

10. Skerl has no right to retain possession or control of the laptop computers. Skerl has no valid lien against the laptop computers. In fact, the only debt Skerl is owed is owed by Pam Rea, the Debtor's former counsel; not the Debtor or Elite. The Trustee is entitled to turnover of the laptop computers from Skerl.

WHEREFORE, PREMISES CONSIDERED, LOWELL T. CAGE, Chapter 7 Trustee of the estate, and RONALD ALAN CHARLES, Debtor, respectfully request that that this Court grant this motion and enter an order directing Tom Skerl d/b/a KT6 Algorithmics, LLC to turn over the two laptop computers in his possession and control to Lowell T. Cage, Chapter 7 Trustee.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: */s/ Matthew B. Probus*
    **Matthew B. Probus**
    TBA#16341200/Fed. I.D. No. 10915
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
*ATTORNEYS FOR DEBTOR,*
*RONALD ALAN CHARLES*

**CAGE, HILL & NIEHAUS, L.L.P.**

By: */s/ Theresa Mobley*
    **Theresa Mobley**
    TBA#14238600
5851 San Felipe, Suite 950
Houston, Texas 77057
(713) 789-0500 (Telephone)
(713) 974-0344 (Facsimile)
*ATTORNEYS FOR CHAPTER 7*
*TRUSTEE, LOWELL T. CAGE*

5

**Certificate of Service**

       I hereby certify that a true and correct copy of the foregoing has been served upon those entities listed below via United States regular mail, first class postage prepaid, on this the 5th day of August, 2014.

**Debtor**
Ronald Alan Charles
8906 Wallington Drive
Houston, Texas 77096

**U.S. Trustee**
United States Trustee
515 Rusk Street, Room 3516
Houston, Texas 77002

**Chapter 7 Trustee and Counsel**
Lowell T. Cage, Chapter 7 Trustee
Theresa Mobley
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057

**Parties in Interest**
Tom Skerl
    d/b/a KT6 Algorithmics, LLC
11767 Katy Freeway, Ste. 812
Houston, TX 77079

Pam Rea
The Pam Rea Law Firm, PLLC
P.O. Box 431831
Houston, TX 77243-1841

**Twenty Largest Unsecured Creditors**
BBVA Compass Bank
P.O. Box 10566
Birmingham, AL 35296

Bank of Houston
9601 Katy Freeway, Suite 100
Houston, TX 77024

Community Bank of Texas, NA
P.O. Box 26017
Beaumont, TX 77720-6017

Community National Bank
5123 Bellaire Blvd.
Bellaire, TX 77401

Portfolio America Asset Pool I, LLC
3535 Piedmont Road
Building 14, Suite 410
Atlanta, GA 30305

Provider Web Capital Management, LLC
4255 Lake Haven Drive
Atlanta, GA 30319

Security Bank
600 N. Marienfield, Suite 200
Midland, Texas 79701

Allegiance Bank of Texas
P.O. Box 41314
Houston, TX 77241-1314

American Express
P.O. Box 6985
Buffalo, NY 14240-6985

Chase SW Airlines
c/o Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

Chase United
c/o Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

Citibank SD NA
P.O. Box 6500
Sioux Falls, SD 57117

7

**Parties Requesting Notice**
Marian Garza
Bankruptcy Servicer for Compass Bank
Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006

Kirk A. Schwartz
Shapiro Schwartz, LLP
5450 NW Central Drive, Suite 307
Houston, TX 77092

D. Wade Hayden
Hayden & Cunningham, PLLC
7750 Broadway
San Antonio, TX 7820

    /s/ Matthew B. Probus
Matthew B. Probus